```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION


J. PAUL CLINTON and
STOKES & CLINTON, P.C.                                PLAINTIFFS

VS.                      CIVIL ACTION NO. 3:13-cv-871(DCB)(MTP)

W. RICHARD JOHNSON, SR., DAVID
M. SESSUMS, VARNER, PARKER &
SESSUMS, P.A., AND TAMRA WARNOCK                      DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiffs J. Paul Clinton and Stokes and Clinton, P.C.'s motion to dismiss **(docket entry 36)** the Counterclaim filed by defendants David M. Sessums and Varner, Parker & Sessums, P.A.  Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

This malicious prosecution action[1] was brought by plaintiffs Clinton and Stokes & Clinton ("the plaintiffs") against defendants Sessums and Varner, Parker & Sessums ("the Sessums defendants"), W. Richard Johnson, Sr., and Tamra Warnock,[2] arising from a RICO action filed by the Sessums defendants and others against the

---

[1] The claims asserted in the plaintiffs' Complaint are: malicious prosecution, intentional and/or negligent infliction of emotional distress, libel per se, libel per quod, invasion of privacy (false light), invasion of privacy (appropriation of plaintiffs' names), and abuse of process.  For the sake of brevity, the plaintiffs' claims are collectively referred to as an action for "malicious prosecution."

[2] Defendants Morgan & Morgan, P.A., Morgan & Morgan, PLLC, and Omar L. Nelson have been dismissed from this action.

plaintiff.  As part of their Answer, the Sessums defendants bring a counterclaim against the plaintiffs.  The plaintiffs seek dismissal of the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the [counter-]plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

Iqbal, 556 U.S. at 678.

In the present motion, the plaintiffs contend:

> The Sessums Defendants have failed to plead sufficient facts from which a malicious prosecution claim or a claim for abuse of legal process can be inferred.  The Counterclaims do not plead any relevant facts that give rise to their asserted claims.  The Counterclaims do not contain a "short and plain statement of the claim showing that the pleader is entitle[d] to relief."  Nor do they "give the defendant fair notice of what the ... claim is and the ground upon which it rests."  Conley [v. Gibson, 355 U.S. 41, 47 (1957)].  The Counterclaims contain mere "labels and conclusion[s], and a recitation of some of the elements of a couple of causes of action" which fail to comply with the Twombly pleading standard.  The Counterclaims fail to provide factual allegations that are "enough to raise a right to relief above the speculative level."  Twombly at 555.

Motion to Dismiss, p. 2.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted.  Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).  The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions."  Twombly, 550 U.S. at 555.

The Counter-Complaint alleges that the plaintiffs "have demonstrated malice in instituting their Complaint against these Defendants," that the plaintiffs "instituted this action for a purpose other than that of bringing these Defendants to justice," and that the defendants "have suffered injury or damage as a result

of said Complaint and said claim." Counter-Complaint, ¶ 6. The Sessums defendants also allege that the plaintiffs "have misused or misapplied a legal process in a wrongful manner to accomplish a purpose not warranted or authorized by the legal process," and that the plaintiffs "maliciously perverted the regular use of civil process for a purpose and to obtain a result not lawfully warranted or properly obtainable thereby." Id., ¶ 7. Finally, the Sessums defendants allege that the plaintiffs "had an ulterior motive for filing [their] Complaint against these Defendants and committed wilful acts not authorized by the process and not in the regular conduct of these proceedings for which these Defendants have suffered damage as a result of the perverted use of legal process and said damage is a proximate result of such misuse of the legal process." Id., ¶ 8.

Nowhere in the Counter-Complaint do the defendants set forth their claims or causes of action, but it appears from their allegations that they are bringing claims for malicious prosecution and abuse of process. Moreover, the Court finds that the counterclaim does not contain sufficient information to allow a responsive pleading to be framed, nor to allow the Court to rule on the present motion to dismiss. In such cases, the proper remedy is a motion for a more definite statement under Rule 12(e), and/or an order allowing the defendants/counter-plaintiffs to amend. The Court shall therefore permit the Sessums defendants to amend their

4

counterclaim to state more specifically for each claim they allege: (1) the nature of the claim, (2) the elements of the claim, and (3) the factual basis for each of the elements of the claim.  See Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 163 (5th Cir. 1999)(approving the district court's sua sponte allowance of an amendment under Rule 12(e) where the plaintiff originally failed to plead with sufficient clarity).  Accordingly,

   IT IS HEREBY ORDERED that the plaintiffs J. Paul Clinton and Stokes and Clinton, P.C.'s motion to dismiss **(docket entry 36)** the Counterclaim filed by defendants David M. Sessums and Varner, Parker & Sessums, P.A., is DENIED WITHOUT PREJUDICE;

   FURTHER ORDERED that defendants David M. Sessums and Varner, Parker & Sessums, P.A., shall have fourteen (14) days from the date of entry of this Memorandum Opinion and Order to amend their counterclaim in compliance with Rule 8.

   SO ORDERED, this the 11th day of February, 2014.


                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE